**Filed Under Seal**

IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | CRIMINAL NO. 19-_____ |
| v. | : | DATE FILED: |
| KEVIN SWING,<br>     a/k/a "Tone"<br>RYAN MENKINS | :<br><br>:<br><br>:<br><br>:<br>: | VIOLATIONS:<br>21 U.S.C. §§ 846, 841(a)(1), (b)(1)(B)(vi)<br>(conspiracy to distribute >10 grams of<br>fentanyl analogue mixture – 1 count)<br>21 U.S.C. § 841(a)(1), (b)(1)(B)(vi)<br>(distribution of >10 grams of fentanyl<br>analogue mixture – 1 count)<br>18 U.S.C. § 2 (aiding and abetting)<br>Notice of forfeiture |

## INDICTMENT

### COUNT ONE

**THE GRAND JURY CHARGES THAT:**

At all times material to this Indictment:

1. Defendant KEVIN SWING resided at a home located at 312 Michaels Alley (also known as "Michaels Way"), West Chester, Pennsylvania 19832.

2. The individual hereafter identified as "the Buyer," whose identity is known to the grand jury, was a Confidential Informant working with the West Whiteland Township Police Department posing as a private citizen interested in purchasing controlled substance from KEVIN SWING. The Buyer was acting under the direction of, and with United States currency provided by, defendant RYAN MENKINS.

3. On or about May 11, 2018, in the Eastern District of Pennsylvania,

defendants

### KEVIN SWING and
### RYAN MENKINS

conspired and agreed, together with others known and unknown to the grand jury, to knowingly and intentionally distribute controlled substances, that is 10 grams or more of a mixture and substance containing a detectable amount of an analogue of N-phenyl-N- [1-(2-phenylethyl)-4-piperidinyl] propanamide ("fentanyl"), a Schedule I controlled substance, in violation of Title 21, United States Code, Sections 846 and 841(a)(1), (b)(1)(B)(vi).

It is further alleged that, before defendant KEVIN SWING committed the offense charged in this count, defendant SWING was convicted in the State of Pennsylvania of the crime of Possession with Intent to Deliver a Controlled Substance, a serious drug felony, for which he served more than 12 months of imprisonment and for which he was released from serving any term of imprisonment related to that offense within 15 years of the commencement of the instant offense.

It is further alleged that, before defendant RYAN MENKINS committed the offense charged in this count, defendant MENKINS was convicted in the State of Pennsylvania of the crime of Robbery, a serious violent felony, for which he served more than 12 months of imprisonment and for which he was released from serving any term of imprisonment related to that offense within 15 years of the commencement of the instant offense.

### MANNER AND MEANS

It was part of the conspiracy that:

4. Defendant KEVIN SWING negotiated with defendant RYAN MENKINS for MENKINS to purchase pills containing a fentanyl analogue for approximately $5,600.00 in United States currency.

5. Defendant RYAN MENKINS recruited the Buyer to purchase the pills containing a fentanyl analogue from defendant KEVIN SWING, using United States currency provided to the Buyer by MENKINS.

6. Defendant RYAN MENKINS provided defendant KEVIN SWING's telephone number to the Buyer to arrange for his/her purchase of the pills containing a fentanyl analogue, and also provided telephone numbers for several individuals who were to purchase the pills from the Buyer once they were acquired from SWING.

## OVERT ACTS

In furtherance of the conspiracy and to accomplish its objects, defendants KEVIN SWING and RYAN MENKINS, and others known and unknown to the Grand Jury, committed the following overt acts, among others, in Chester County, in the Eastern District of Pennsylvania, and elsewhere:

7. On May 11, 2018, defendant RYAN MENKINS provided United States currency to the Buyer, which MENKINS instructed the Buyer to use to purchase pills containing a fentanyl analogue from defendant KEVIN SWING.

8. On May 11, 2018, defendant RYAN MENKINS communicated with the Buyer by cellular phone to arrange for the purchase of pills containing a fentanyl analogue from defendant KEVIN SWING, at a location to be set by SWING.

9. On or about May 11, 2018, defendant KEVIN SWING communicated by cellular phone with the Buyer to set the location for the purchase of pills containing a fentanyl analogue.

10. On about May 11, 2018, the Buyer purchased approximately 900 pills containing a fentanyl analogue from defendant KEVIN SWING, using $5,600 in United States

currency provided by defendant RYAN MENKINS, at the location selected by SWING, which was a home located at 312 Michaels Alley (also known as "Michaels Way"), West Chester, Pennsylvania 19832.

All in violation of Title 21, United States Code, Section 846.

## COUNT TWO

**THE GRAND JURY FURTHER CHARGES THAT:**

On or about May 11, 2018, in the Eastern District of Pennsylvania, defendants

**KEVIN SWING and
RYAN MENKINS**

knowingly and intentionally distributed, and aided and abetted the distribution of, 10 grams or more of a mixture and substance containing a detectable amount of an analogue of N-phenyl-N-[1-(2-phenylethyl)-4-piperidinyl] propanamide ("fentanyl"), a Schedule I controlled substance.

In violation of Title 21, United States Code, Section 841(a)(1), (b)(1)(B)(vi) and Title 18 United States Code, Section 2.

It is further alleged that, before defendant KEVIN SWING committed the offense charged in this count, defendant SWING was convicted in the State of Pennsylvania of the crime of Possession with Intent to Deliver a Controlled Substance, a serious drug felony, for which he served more than 12 months of imprisonment and for which he was released from serving any term of imprisonment related to that offense within 15 years of the commencement of the instant offense.

It is further alleged that, before defendant RYAN MENKINS committed the offense charged in this count, defendant MENKINS was convicted in the State of Pennsylvania of the crime of Robbery, a serious violent felony, for which he served more than 12 months of imprisonment and for which he was released from serving any term of imprisonment related to that offense within 15 years of the commencement of the instant offense.

## NOTICE OF FORFEITURE

**THE GRAND JURY FURTHER CHARGES THAT:**

1. As a result of the violations of Title 21, United States Code, Sections 846 and 841(a)(1), (b)(1)(B)(vi) and Title 18, United States Code, Section 2, as set forth in this indictment, defendants

**KEVIN SWING and
RYAN MENKINS**

shall forfeit to the United States of America:

(a) any property used or intended to be used, in any manner or part, to commit, or to facilitate the commission of, such violation(s), any property constituting, or derived from, proceeds obtained, directly or indirectly, from the commission of such violation, including but not limited to:

(1) $400 United States Currency seized from defendant RYAN MENKINS' vehicle on May 11, 2018, currently in the custody and control of the West Whiteland Township Police Department.

(2) Any property constituting, or derived from, proceeds obtained directly or indirectly from the commission of such offense.

2. If any of the property subject to forfeiture, as a result of any act or omission of the defendants:

(a) cannot be located upon the exercise of due diligence;

(b) has been transferred or sold to, or deposited with, a third party;

(c) has been placed beyond the jurisdiction of the Court;

(d) has been substantially diminished in value; or

(e) has been commingled with other property which cannot be divided

without difficulty;

it is the intent of the United States, pursuant to Title 21, United States Code, Section 853(p), to seek forfeiture of any other property of the defendant up to the value of the property subject to forfeiture.

        All pursuant to Title 21, United States Code, Section 853.

        A TRUE BILL:

        _____
        **GRAND JURY FOREPERSON**

**WILLIAM M. McSWAIN**
**United States Attorney**